## ANSON HARRINGTON *vs.* CHARLES BAKER.

Under a declaration claiming a certain sum for certain services, the plaintiff may recover by proving that the services were performed and were reasonably worth the sum claimed, although his counsel, in opening the case to the jury, has relied on a special contract to pay that sum, and evidence of such a contract has also been introduced.

Evidence of the value of property at a place from which it has been transported, and at another place at which it has been delivered, is immaterial for the purpose of showing what price the owner agreed to pay for its transportation.

ACTION OF CONTRACT to recover " ninety seven dollars and fifty cents for drawing fifteen thousand feet of hemlock lumber from Blandford, Massachusetts, to Suffield in the State of Connecticut, by the plaintiff for the defendant."

At the trial in the superior court before *Putnam*, J., the plaintiff's counsel, in opening the case to the jury, stated that a contract was made between the parties for the transporting by the plaintiff of this quantity of boards from Blandford to Suffield, at the price of four dollars a thousand feet, or four dollars

and fifty cents a thousand feet if there should be any charges made for keeping the team, &c., over night at Suffield; that after carrying two loads the plaintiff, finding the boards heavier than had been represented by the defendant, declined to complete the contract, and a new agreement was made, that the plaintiff should convey the boards for the sum of six dollars and fifty cents a thousand feet, embracing the whole quantity, and that on this agreement the plaintiff did convey that quantity to Suffield. The plaintiff and two other witnesses testified to the facts as above stated.

The plaintiff then offered evidence of the worth of such transportation in reference to distance, roads, requisite time, and charges of other individuals, and that six dollars and fifty cents per thousand feet was a reasonable price. The defendant objected that as the plaintiff had set up and introduced evidence of a special contract, he could not proceed as upon an implied promise or *quantum meruit.* But the judge overruled the objection, and admitted the evidence as competent to enable the plaintiff in this suit to recover the worth of the service, independently of the sum expressly agreed.

The defendant testified that no other contract was ever made between him and the plaintiff, except the one first stated for four dollars or four dollars and fifty cents; and also, to rebut the plaintiff's claim of a contract for the larger price, offered to show that the value of the boards at Blandford was six dollars and fifty cents per thousand feet, and at Suffield, ten dollars per thousand feet. The plaintiff objected to this evidence, and it was excluded.

The jury returned a verdict for the plaintiff at the higher rate, and the defendant alleged exceptions.

*I. Sumner,* for the defendant.

*J. E. Field,* for the plaintiff.

Merrick, J.   The evidence produced by the plaintiff to prove the value of the service performed by him for the defendant in the transportation of boards from Blandford to Suffield was properly admitted. It had a direct tendency to support the allegations of indebtedness set forth in the declaration. Hav-

ing that tendency, its competency was not affected by the statements of the counsel at the commencement of the trial, that the plaintiff expected and intended to prove that the service was performed under a special contract, or by the fact that testimony was produced for that purpose. The defendant denied that there was any contract of the character and in the terms insisted upon by the plaintiff, and the evidence which the respective parties produced was conflicting upon that question. The jury may not have been satisfied that there was any special contract under which the service was performed. And if they came to the conclusion that there was none, the evidence in relation to the worth and value of the service rendered by the plaintiff was material to him in support of his action, and upon the issue to be determined. It was therefore properly admitted, notwithstanding the objection urged by the defendant against it.

The evidence offered by the defendant to show what was the price of lumber or boards estimated by admeasurement, in Blandford and Suffield respectively, was immaterial, and therefore rightly rejected. It was of no consequence whether it was judicious to convey the property from one market or section of the country to another, or whether, considering the necessary cost of its transportation, it would have been unprofitable to have caused such a removal of the property. Whether he would make any such engagement or not was for the defendant to determine for himself; but if he employed another person to do the work necessary and unavoidable in its transportation, he was bound to pay him either a stipulated sum agreed upon, or, in the absence of any express contract, a reasonable compensation for the service performed. *Exceptions overruled.*